UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HEIDI E. SCHROEDER, | : | CIVIL ACTION NO. |
|     Plaintiff | : | 3:03CV 0410 (MRK) |
| | : | |
| VS. | : | |
| | : | |
| ACMI CORPORATION, | : | |
|     Defendant | : | MARCH 11, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) and 26(b)(4)(C), the defendant hereby moves for a protective order precluding the plaintiff's expert, Alan Falkoff, M.D., from charging an excessive fee of $1,000 per hour for his deposition testimony. The defendant does not seek to avoid its obligations to pay Dr. Falkoff's fees. Rather, the defendant merely argues that Dr. Falkoff's requested fee is not reasonable.

### I.   FACTS

Dr. Falkoff was disclosed as an expert in this case by the plaintiff, and a report was provided. Additionally, Dr. Falkoff submitted the Itemization of Billing attached hereto as Exhibit A. That itemization provides that "the fees for the deposition will be as agreed on as $1,000/hour." That same Itemization states that Dr. Falkoff is charging the plaintiff $300 per hour to prepare his report. Of note, plaintiff's other disclosed expert, F. Carl Mueller, M.D., a specialist in the field of psychiatry, is charging $400 per hour for his testimony. (See relevant portion of Dr. Mueller's transcript, attached hereto as Exhibit B, pp. 5-6.)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Subsequent to receiving that Itemization, the undersigned contacted plaintiff's attorney, Kathryn Emmett, and indicated his belief that the deposition fee was excessive and unreasonable. Attorney Emmett agreed that she would discuss the issue with Dr. Falkoff. At Dr. Falkoff's deposition, Attorney Emmett indicated that Dr. Falkoff was unwilling to alter his fees. Dr. Falkoff's deposition was conducted on March 4, 2004 from approximately 2:00 to approximately 5:00 at his offices in Stamford, CT.

## II.    ARGUMENT

### A.    Standard

Fed.R.Civ.P. 26(c) provides that "[u]pon motion by a party ... and for good cause shown, the court ... may make any order which justice requires to protect a party or person from ... undue burden or expense ...." The party seeking a protective order must certify that he or she has "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed.R.Civ.P. 26(c).

Fed.R.Civ.P. 26(b)(4)(C)(i) places a financial burden of deposing a testifying expert on the party that conducts the deposition. The rule provides, in pertinent part: "Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision ...." Courts consider a variety of factors in determining whether such manifest injustice would result, thus meriting issuance of a protective order: "(1) the witness's area of expertise; (2) the education and training required; (3) the prevailing

- 2 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

rates of other comparably respected experts; (4) the cost of living in the area where the expert maintains his or her office; (5) the fee charged by the expert to the party who retained him or her; (6) the fees traditionally charged by the expert on related matters; and (7) any other factors likely to be of assistance to the court." Brew v. Ferraro, 42 Fed.R.Serv.3d 128, 1998 WL 34058048, *3 (D.N.H. 1998) (citing Jochims v. Isuzu Motors, Ltd., 141 F.R.D. 493, 496-97 (S.D.Iowa 1992) and Goldwater v. Postmaster General, 136 F.R.D. 337, 340 (D.Conn. 1991). A motion relating to expert witness fees may be granted after the depositions at issues have occurred. Goldwater, 136 F.R.D. at 339-40.

      B.    **Dr. Falkoff's Excessive Fee Constitutes Good Cause to Issue a Protective Order in this Case.**

In this case, the fee charged by Dr. Falkoff is grossly excessive as measured by all the factors set forth above. As such, the Court should enter a protective order setting expert fees at $300 per hour, the same rate Dr. Falkoff charged the plaintiff. Since the defendant had no involvement in the selection with Dr. Falkoff as an expert or in negotiating his fee schedule, ACMI's only obligation under the Federal Rules is to pay a reasonable fee, not whatever rate might be acceptable to the contracting parties. See Brew, 1998 WL at *3 (citing Bowan v. Monahan, 163 F.R.D. 571, 573 (D.Neb. 1995)). The undersigned hereby certifies that he has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and has been unable to resolve the issue.

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Dr. Falkoff is a family practitioner. However, he is charging a rate equal to more than twice that charged by Dr. Mueller, who is board-certified in Psychiatry and Neurology. (See Dr. Mueller's CV, attached hereto as Exhibit C.) Though the standard of living in Stamford is relatively high, Dr. Mueller is located in Stamford as well, and thus has a similar standard of living, and his rate is less than half of Dr. Falkoff's. In such a situation, "the cost of living is a factor not entitled to great weight in this case." Brew, 1998 WL at *6.

Precedent supports the notion that $1,000 per hour for deposition testimony is an outrageous amount, and ACMI should not be made to pay it. A court has called a $1,000 per hour deposition rate "exorbitant," even for a specialist. Id. Further, in 1991, United States District Court for the District of Connecticut found even $350 per hour to be an excessive deposition fee for a specialist. Goldwater, 136 F.R.D. at 340.

Moreover, it is manifestly unfair that Dr. Falkoff is charging the defendant over three times the rate being charged to the plaintiff for his report and records review. Dr. Falkoff should not be permitted to inequitably extract this grossly excessive fee from the defendant.

## III. CONCLUSION

WHEREFORE, the defendants respectfully request that the Court grant the foregoing motion for protective order.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

THE DEFENDANT:
ACMI CORPORATION


By_____
James M. Sconzo
Fed Bar # ct04571 and
Jonathan C. Sterling
Fed Bar # ct24576 of
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103


## **CERTIFICATION**

     This is to certify that on this 11th day of March, 2004, I hereby mailed a copy of the foregoing to:

Kathryn Emmett, Esq.
Christine Caulfield, Esq.
Emmett & Glander
45 Franklin Street
Stamford, CT  06901


_____
Jonathan C. Sterling

525376.1(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105