IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| HEIDI E. SCHROEDER,<br>Plaintiff, | CIVIL ACTION NO.<br>3:03 CV 0410 (MRK) |
| v. |  |
| ACMI CORPORATION,<br>Defendant. | JANUARY 21, 2005 |

### MOTION FOR PERMISSION TO FILE OVERSIZED BRIEF

Pursuant to Local Rule 7(a), plaintiff respectfully requests permission to file an oversized memorandum of 63 pages in opposition to defendant ACMI Corporation's Motion for Summary Judgment dated October 18, 2004.

In support of this request, undersigned counsel states that the additional pages are required so that she can clearly present plaintiff's opposition to defendant's motion. Defendant moves for summary judgment on plaintiff's federal and state law discrimination and retaliation claims on the grounds that 1) the evidence is insufficient to support plaintiff's claims, including, *inter alia*, that the harassment plaintiff suffered was not severe or pervasive enough to constitute a hostile work environment, 2) ACMI cannot be held liable for the harassment to which plaintiff was subjected by her coworkers, 3) plaintiff was not entitled to workplace accommodations because she was not "unable to work," 4) plaintiff was not denied any reasonable accommodations, 5) plaintiff was not constructively discharged, 6) plaintiff's retaliation and constructive discharge claims are barred by her application for Social Security disability insurance [SSDI] benefits and total disability from work, 7) Connecticut law does not recognize a

claim for failure to provide reasonable accommodations to a disabled employee, and 8) plaintiff's administrative complaint was not timely filed with the Connecticut Commission on Human Rights and Opportunities and, therefore, her state law discrimination claims are barred. Defendant also moves for summary judgment on plaintiff's state law claim for intentional infliction of emotional distress [IIED] on the grounds that defendant's conduct was not "extreme and outrageous" as a matter of law. In addition, defendant argues that plaintiff's IIED claim is barred on the basis that she failed to exhaust ACMI's grievance procedures prior to filing suit. Finally, defendant argues that plaintiff is not entitled to punitive damages because she cannot establish that defendant acted with "malice or reckless indifference" to plaintiff's rights. Therefore, the brief requires extensive legal support.

In addition, the case involves a complicated factual background. Defendant filed an 71-paragraph Local Rule 56(a)(1) Statement in this case. In fact, many of the facts are in dispute. Therefore, the brief requires a detailed explanation of the factual support for plaintiff's claims and citations to the record.

Undersigned counsel has attempted to reduce the length of the memorandum, but has not succeeded in meeting the applicable page limitation. Attorney Jonathan Sterling, who represents defendant in this action, does not object to this motion. Therefore, plaintiff respectfully requests permission to file an oversized memorandum with the Court.

THE PLAINTIFF, HEIDI E. SCHROEDER

BY: */s/ Kathryn Emmett*
KATHRYN EMMETT
Federal Bar No. ct05605
CHRISTINE CAULFIELD
Federal Bar No. ct19115
EMMETT & GLANDER
45 Franklin Street
Stamford, CT 06901
(203) 324-7744
kemmett@emmettandglander.com
ccaulfield@emmettandglander.com

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 21st day of January, 2005, to:

James M. Sconzo, Esq.
Jonathan C. Sterling, Esq.
Halloran & Sage, LLP
One Goodwin Square, 225 Asylum Street
Hartford, CT 06103.4303

*/s/ Kathryn Emmett*
Kathryn Emmett

3