## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| HEIDI E. SCHROEDER,<br>    Plaintiff, | CIVIL ACTION NO.<br>3:03 CV 0410 (MRK) |
| v. |  |
| ACMI CORPORATION,<br>    Defendant. | JANUARY 21, 2005 |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO PRECLUDE TESTIMONY OF PLAINTIFF'S EXPERT ALAN T. FALKOFF, M.D. AND TO CONDUCT A FED. R. EVID. 104(a) HEARING**

Plaintiff submits this memorandum in response to defendant's motion to preclude expert testimony from one of plaintiff's treating doctors, Alan T. Falkoff, M.D., her family practitioner. Plaintiff has disclosed, pursuant to F.R.C.P. Rule 26(a)(2)(A), that she intends to introduce expert testimony, records and/or reports at trial from Dr. Falkoff, who evaluated and/or treated plaintiff in connection with injuries she suffered and/or continues to suffer as a result of her employment with ACMI Corporation. Plaintiff has disclosed specifically that she intends to introduce testimony from Dr. Falkoff concerning his "evaluation and/or treatment of plaintiff and the nature, extent and/or cause of her injuries." Ex. 1 ( Plaintiff's Disclosure Pursuant to F.R.C.P. Rule 26(a)(2)(A) re Identity of Witnesses Who May Present Expert Testimony).

While the scope of defendant's motion to preclude is unclear, it appears that defendant is

objecting only to the introduction of testimony from Dr. Falkoff concerning his opinions as to whether defendant's actions violated plaintiff's rights under the ADA and/or his opinions concerning the impropriety of defendant's treatment of her at work. If plaintiff understands the scope of defendant's motion correctly, there is no need for a court ruling in this regard because plaintiff has not disclosed Dr. Falkoff as an expert on these issues and does not intend to introduce any testimony from him concerning his opinions about whether defendant violated plaintiff's rights under the ADA or otherwise treated her badly.[1]

The expert testimony plaintiff does intend to introduce from Dr. Falkoff, who is plaintiff's current family physician and was her treating physician throughout the time the events at issue in this case occurred, concerning his evaluation and/or treatment of plaintiff and the nature, extent

---

[1] For, example, plaintiff does not intend to introduce, *inter alia*, Dr. Falkoff's statements in his report that "[the fact that] she was made a target of harassment . . . is a severe violation of the patient's civil rights for a person without [sic] a mental illness;" "it is inexcusable that she should suffer such targeted abuse;" "[t]his is what I would strongly consider a severe abuse of a disabled person and a blatant violation of the [ADA];" "[i]t is beyond my comprehension that the Supervisors at her employment would place her to work with and be trained by a co-worker they were fully aware was giving Ms. Schroeder a hard time and actually had terrorized her. That co-worker as well as the supervisors at Circon ACMI should be held fully responsible;" "[i]t is sad in this day and age that we have to continue to witness events such as these . . . . I hope the courts will find favorably in her case." Ex. 18 (Dr. Falkoff's Report) attached to Affidavit of Attorney Kathryn Emmett in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment dated January 21, 2005.

and/or cause of her injuries is entirely proper under Fed. R. Evid. 702 and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). See <u>McCullock v. H.B. Fuller Company</u>, 61 F.3d 1038, 1044 (2d Cir. 1995) (expert testimony of doctor concerning his opinion that gas fumes caused plaintiff's throat polyps admissible where his opinion based, *inter alia*, on his care and treatment of the plaintiff, plaintiff's medical history as she related it to him and as revealed in her medical records, and his training and experience); <u>Perkins v. Origin Medsystems Inc.</u>, 299 F.Supp.2d 45, 55-62 (D. Conn.2004) (expert opinion of treating physician that a "Tacker" used in surgical hernia repairs caused plaintiff abdominal pain and that the implanted tacks needed to be removed to alleviate plaintiff's pain admissible where physician based her opinion on "a range of factors, including her education, training, extensive clinical experience in treating chronic pelvic pain patients, as well as her care and treatment of [plaintiff]"); <u>Santoro v. Signature Constr., Inc.</u>, 2002 WL 31059292, at *4 (S.D.N.Y. 2002) (in finding treating physician's expert opinion admissible, court observed that "[a]s numerous cases in this Circuit and elsewhere recognize, a treating physician often forms an opinion as to the cause of an injury or to the extent to which it will persist in the future based upon his examination of the patient" and that "even after *Daubert*, treating physicians have routinely been permitted to testify to determinations that they made in the course of providing treatment regarding the cause of an injury and its severity"); <u>Canino v. HRP,</u>

3

Inc., 105 F.Supp. 2d 21, 28 (N.D.N.Y. 2000) (treating physician's training and experience qualify him to testify concerning causation of plaintiff's Herpes B Simian Virus); Reyes v. Delta Dallas Alpha Corp., 2000 WL 526851, at 2 (S.D.N.Y. 2000) (treating physician's expert opinion concerning the nature and cause of plaintiff's injury based on a number of factors including his care and treatment of plaintiff and his own practical experience admissible).

Finally, since defendant apparently does not seek to preclude the expert testimony plaintiff intends to offer from Dr. Falkoff but rather only testimony that plaintiff does not intend to offer, a hearing pursuant to Fed. R. Evid. 104 is not necessary, or at least not until the parties have discussed whether there is, in fact, any disagreement between them concerning the expert testimony Dr. Falkoff may give.

In conclusion, plaintiff respectfully requests that defendant's motion to preclude Dr. Falkoff's testimony and for a Fed. R. Evid. 104(a) evidentiary hearing be denied inasmuch as plaintiff does not intend to introduce testimony from Dr. Falkoff concerning his opinion concerning whether defendant's treatment of plaintiff violated ADA and/or was otherwise improper.

THE PLAINTIFF,
HEIDI E. SCHROEDER

BY: *(signature: Kathryn Emmett)*
KATHRYN EMMETT
Federal Bar No. ct05605
CHRISTINE CAULFIELD
Federal Bar No. ct19115
EMMETT & GLANDER
45 Franklin Street
Stamford, CT 06901
(203) 324-7744
Email: kemmett@emmettandglander.com
ccaulfield@emmettandglander.com

5

## CERTIFICATION

This is to certify that a copy of the foregoing motion has been mailed, postage prepaid, this 21st day of January, 2005, to:

James M. Sconzo, Esq.
Jonathan C. Sterling, Esq.
Halloran & Sage, LLP
One Goodwin Square, 225 Asylum Street
Hartford, CT  06103.4303

_____
Kathryn Emmett